DLD-042                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2756
_____

GERALD BUSH,
                              Appellant

v.

PHILADELPHIA REDEVELOPMENT AUTHORITY;
CITY OF PHILADELPHIA; STATE OF PENNSYLVANIA;
PAULITTE ADAMS; MR. HELLER OF RDA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-05631)
District Judge:  Honorable Joshua D. Wolson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2022
Before:  JORDAN, SHWARTZ, and SCIRICA, <u>Circuit</u> <u>Judges</u>
(Opinion filed: December 15, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gerald Bush appeals from the District Court's order denying him leave to file an amended complaint. For the following reasons, we will summarily affirm the District Court's order.

Because we write primarily for the parties, who are familiar with the factual and procedural history of this matter, we need not recite the details here. In short, in November 2020, Bush filed a complaint in the District Court pursuant to 42 U.S.C. § 1983 against the Philadelphia Redevelopment Authority (PRA) and two of its employees, alleging various claims including a violation of the Takings Clause of the Fifth Amendment.[1] Three days later, he purported to amend the complaint to bring suit under the Civil Liability Act against the PRA, the City of Philadelphia, and the State of Pennsylvania, among others. In an order entered January 11, 2021, the District Court granted Bush's motion to proceed in forma pauperis and dismissed the complaint as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), after determining that the claims were barred by res judicata.[2]

---

[1] Bush previously filed the same suit against the same defendants, which the District Court dismissed. See E.D. Pa. Civ. No. 18-cv-05659. On appeal, we affirmed the dismissal. See Bush v. Phila. Redevelopment Auth., 822 F. App'x 131, 134-35 (3d Cir. 2020).

[2] In that same order, the District Court directed Bush to show cause why an existing filing injunction, which prevents him from filing § 1983 actions without prior leave of court, should not be broadened to enjoin him from filing "any more civil actions concerning the identical, untimely allegations he has raised in this case as well as [E.D. Pa. Civ. No. 18-

On June 18, 2021, Bush filed a document titled "Permission to File Federal Rule of Civil Procedure Rule 15 Amended Complaint under 42 U.S.C. 1983 Fifth and Fourteenth Amendment Non-Possessory Interest Right," which, together with other filings,[3] was construed by the District Court as a motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2). The District Court denied the motion to amend and denied as moot Bush's "Permission to File Summary Judgement" and "Motion for Court to Answer Amended Complaint." Bush appeals.[4]

We agree with the District Court that it lacked the authority to grant Bush's motion to amend the complaint. The January 2021 order dismissing the complaint was a final order, regardless of whether the collateral issue of the filing injunction remains outstanding.[5] See 28 U.S.C. § 1291 (vesting jurisdiction in courts of appeals over "final

---

cv-05659] . . . " ECF No. 7. Bush filed an "answer" to the show cause order; it does not appear from the docket that the District Court addressed this filing. See ECF No. 9.

[3] The other filings include a "correction brief" and a supplemental amendment in support of the amended complaint. See ECF Nos. 18 & 22.

[4] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's decision to deny Bush leave to amend his complaint for abuse of discretion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

[5] In its Memorandum Opinion, the District Court noted its intention to dismiss the complaint with prejudice, but its accompanying order does not so state. Regardless, a dismissal on res judicata grounds is necessarily with prejudice because amendment would be futile. See Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 573 (6th Cir. 2008); see also Talley v. Wetzel, 15 F.4th 275, 285 n.6 (3d Cir. 2021).

3

decisions" of the district courts); Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-200 (1988) (recognizing that a final decision "is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," and that a question remaining to be decided after entry of such a decision does not affect its finality "if its resolution will not alter the order or moot or revise decisions embodied in the order") (citation omitted). "Although Rule 15 vests the District Court with considerable discretion to permit amendment 'freely . . . when justice so requires,' Fed. R. Civ. P. 15(a), the liberality of the rule is no longer applicable once judgment has been entered." Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002). Furthermore, even assuming that the District Court had the authority, it would not have been an appropriate use of its discretion to grant the motion because, for the reasons the District Court provided, amendment would be futile. See generally Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (noting that a district court may grant a motion to dismiss based on the statute of limitations when the time-bar is apparent on the face of the complaint). Accordingly, the District Court properly denied the motion to amend.

Based on the foregoing, Bush's challenge to the District Court's order does not present a substantial question. We will therefore summarily affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

4